asked if he understood the court's warning regarding waiving counsel, Garcia responded that he did. Nor has Garcia ever complained that his waiver was coerced, or anything less than voluntarily given.

We conclude that, under the circumstances, Garcia knowingly and voluntarily waived his right to counsel at the time he pleaded guilty to the misdemeanor offenses. Therefore, we affirm the district court's judgment revoking Garcia's probation and sentencing him to prison.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's revocation of probation and prison sentence.

Jefferson Randolph Tillery, Richard Scott Jenkins, Sr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for Defendant-Appellee.

Before REAVLEY, JONES and PRADO, Circuit Judges.

PER CURIAM.*

The court has considered appellant's position in light of oral argument, the briefs and pertinent portions of the record. Having done so, we find no reversible error of fact or law and affirm for essentially the reasons stated by the district court.

AFFIRMED.

**David MARTIN, Plaintiff–Appellant,**

v.

**PRIDE OFFSHORE, INC., Defendant–Appellee.**

No. 02–31112.

United States Court of Appeals, Fifth Circuit.

Sept. 10, 2003.

Timothy John Young, The Young Firm, New Orleans, LA, for Plaintiff-Appellant.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Luis Carlos VAZQUEZ, Defendant– Appellant.**

No. 03–50183
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Sept. 10, 2003.

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.